# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| SALIM HAJIANI, <br><br> Plaintiff, <br><br> v. <br><br> KFC/TACO BELL, <br><br> Defendant. | CIVIL ACTION NO. <br> 5:17-cv-00063-TES |

## ORDER GRANTING MOTION TO DISMISS

### FACTUAL BACKGROUND

On an unknown date, Plaintiff, who is from India, applied for a job with KFC/Taco Bell in Jackson, Georgia. During the subsequent interview for the position, Defendant's agents allegedly "questioned [Plaintiff] about his race and national origin and emphasis was placed on the fact that he was educated in a foreign country." [Doc. 8 at 2]. At some point thereafter, Plaintiff contends that Defendant instructed its managers at the KFC/Taco Bell where Plaintiff applied to reject Plaintiff's application because of his national origin. The KFC/Taco Bell then allegedly hired someone outside of Plaintiff's protected class.

### A. Plaintiff's Claims and Complaints

Plaintiff filed this action on February 14, 2017, alleging that Defendant violated

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII"), by discriminating against him during the hiring process. [Doc. 1]. Specifically, Plaintiff alleged that "Defendant has maintained, acquiesced in the maintaining of, or failed to take appropriate recquired [sic] action to eliminate a general and consistent pattern of race and national origin discrimination" and that "Defendants have discriminated against Plaintiff in the terms and conditions of Plaintiff's employment because of Plaintiff's race and national origin." [Doc. 1 at 2, 3]. Plaintiff further alleged that "Defendant's outrageous conduct caused [him] extreme emotional distress." [*Id.* at 3]. Plaintiff also alleged that he filed this suit within 90 days of receiving a notice of right to sue from the EEOC, [*Id.* at 2], and he attached the right-to-sue letter dated November 17, 2016, to the original Complaint. [Doc. 1-1].

Plaintiff filed an amended complaint [Doc. 4] on April 18, 2017, before Defendant received service of the original complaint. In the First Amended Complaint, Plaintiff alleges that "Defendants refused to hire Plaintiff because of his race and national origin. A manger [sic] at the location informed Plaintiff that would not be hired because of his race and national origin." [Doc. 4 at 2-3]. Plaintiff also alleged that at the time he applied for the job at KFC/Taco Bell "he was a member of a class protected under title VII against race and national origin discrimination." [*Id.* at 3]. Moreover, Plaintiff alleged that "[e]veryone who applied for a job was considered for employment besides Plaintiff." [*Id.*].

2

Plaintiff also asserted state-law claims for intentional infliction of emotional distress ("IIED") and defamation. [*Id.* at 4]. Plaintiff based his IIED claim solely on his contention that Defendant engaged in "extreme and outrageous conduct." [*Id.*] Plaintiff's defamation claim rested on his assertion that Defendant falsely "told other employers not to hire Plaintiff because he is a bad employee." [*Id.*]. Plaintiff did not attach any exhibits to his First Amended Complaint.

The United States Magistrate Judge reviewed Plaintiff's First Amended Complaint and–after laying out the elements required for valid Title VII, IIED, and defamation claims– ultimately found that "Plaintiff's threadbare allegations are insufficient to state a claim upon which relief may be granted." [Doc. 7 at 5]. As to Plaintiff's Title VII claim, the Magistrate Judge took issue with Plaintiff's failure to identify his race and national origin and his failure to "allege any facts describing when the alleged refusal-to-hire occurred, who made that decision, and how that decision was discriminatorily based on Plaintiff's race and national origin." [*Id.*]. The Magistrate Judge found Plaintiff's IIED and defamation claims deficient for failing to include "any factual basis whatsoever for the 'pattern of discrimination and misconduct' that caused [Plaintiff] extreme emotional distress, or what conduct resulted in defamation to [Plaintiff's] character." [*Id.*]. Finally, the Magistrate Judge noted that Plaintiff was required to attach a copy of his EEOC charge to his First Amended Complaint but failed to do so. [*Id.* at 5-6].

Rather than dismissing Plaintiff's claims, the Magistrate Judge allowed Plaintiff to

3

amend his complaint to rectify the deficiencies outlined in the Magistrate Judge's Order [Doc. 7]. The Order explicitly advised Plaintiff that the amended complaint would supersede his First Amended Complaint. [*Id.* at 2].

Plaintiff filed his Second Amended Complaint [Doc. 8] on September 6, 2017, and reasserted his Title VII and IIED claims; Plaintiff did not reassert his defamation claim. As factual support for his Title VII claim, Plaintiff alleges as follows:

> Defendants refused to hire Plaintiff because of his national origin. The managers at the location informed Plaintiff that defendants have instructed them not to hire Plaintiff because of his national origin. [. . .] Plaintiff belongs to a protected class. His national origin is India. Plaintiff was qualified for the job position. Finally he was replaced by a person outside his protected class. Defendants replaced Plaintiff with an individual who belonged to defendants [sic] own national origin.

[Doc. 8 at 3].

As factual support for his IIED claim, Plaintiff states only that Defendant's conduct "was intentional and reckless. This extreme and outrageous conduct of the defendants caused severe emotional distress to the Plaintiff." [*Id.*].

As required by the Magistrate Judge's Order [Doc. 7], Plaintiff attached a completed EEOC Charge of Discrimination form dated October 11, 2016 to his Second Amended Complaint. [Doc. 8-1]. Plaintiff attached no other exhibits to his Second Amended Complaint.

### B. Defendant's Motion to Dismiss

Defendant filed this Motion to Dismiss [Doc. 17, 18] on December 26, 2017.

4

Defendant argues that the Court should dismiss Plaintiff's Second Amended Complaint because Plaintiff "(1) failed to plead compliance with conditions precedent to filing the suit, including the obligation to obtain a notice of right to sue; (2) failed to comply with this Court's previous August 15, 2017 Order; (3) failed to state a claim under Title VII; and (4) failed to name the proper entity in either the Charge of Discrimination or the Complaint." [Doc. 18 at 1]. Defendant also contends that Plaintiff fails to state a claim for IIED. [*Id.*]. For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## CONCLUSIONS OF LAW

### A. Standard of Review

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *Pro se* pleadings, like the one at issue here, are "held to a less stringent standard than pleadings drafted by attorneys" and are therefore liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, to survive a motion to dismiss, a plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### B. Plaintiff fails to state a claim under Title VII of the Civil Right Act.

To state a failure-to-hire claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(f)(1), a plaintiff must allege that "(1) he was a member of a protected class; (2) he

applied and was qualified for a position for which the defendant was accepting applications; (3) despite his qualifications, he was not hired; and (4) after his rejection the position remained open or was filled by a person outside his protected class." *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1267 (11th Cir. 1999) (citing *Welborn v. Reynolds Metals Co.*, 810 F.2d 1026, 1028 (11th Cir. 1987) (per curiam)).

The Magistrate Judge's Order advised Plaintiff of these elements and reminded Plaintiff that he must "provide enough factual matter (taken as true) to suggest intentional race [or national origin] discrimination." [Doc. 7 at 4 (quoting *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008))]. It appears, however, that Plaintiff did not heed the Court's warning; rather, his Second Amended Complaint rests solely on empty recitations of the elements of his claim, which is insufficient to avoid dismissal for failure to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). For example, although Plaintiff states that he was qualified for the position for which he applied, he fails to allege what the qualifications were and how he met them. Furthermore, Plaintiff's bare statements that he was replaced by someone "outside his protected class" and who "belonged to defendants own national origin" offers no indication of who the person was or what race or national origin the "defendants" are. [Doc. 8 at 3]. Moreover, in clear disregard for the Court's Order [Doc. 7], Plaintiff's Second Amended Complaint fails to "allege any facts describing when the

6

alleged refusal-to-hire occurred." [Doc. 7 at 5]. Plaintiff merely states that he "applied for a job at ~~family dollar stores~~ [sic] KFC/Taco Bell" and that he "was scheduled for an interview." [Doc. 8 at 2]. Thus, Plaintiff failed yet again to lay the factual groundwork necessary to support his Title VII claim, and it is therefore **DISMISSED**.[1]

C. **Plaintiff fails to state an IIED claim.**

For similar reasons, Plaintiff's IIED claim must be dismissed. To state an IIED claim under Georgia law, Plaintiff must establish "(1) intentional or reckless conduct (2) that is extreme and outrageous and (3) causes emotional distress (4) that is severe." *Mears v. Gulfstream Aerospace Corp.*, 484 S.E.2d 659, 663 (Ga. Ct. App. 1997).

With regard to this claim, the United States Magistrate Judge clearly informed Plaintiff that his Second Amended Complaint "must include sufficient factual detail to indicate the presence of the required elements." [Doc. 7 at 4-5]. Yet, Plaintiff afforded the Court with only a bare recitation of the elements of an IIED claim: "Defendants refused to hire Plaintiff, their conduct was intentional and reckless. This extreme and outrageous conduct of the defendants caused severe emotional distress to the Plaintiff." [Doc. 8 at 3]. Moreover, the Magistrate Judge noted Plaintiff's failure "to provide any factual basis

---

[1] Defendant also argues that dismissal is proper because Plaintiff does not allege that he satisfied the conditions precedent to a Title VII claim by obtaining a right-to-sue letter from the EEOC and attaching it to his Second Amended Complaint. Having found that Plaintiff fails to sufficiently allege a failure-to-hire claim, the Court need not assess whether Plaintiff's right-to-sue letter, which was attached to Plaintiff's original complaint [Doc. 1-1] but not to either of the amended complaints, could have or should have been considered on this Motion. There is also no need for the Court to address Defendant's argument that Plaintiff failed to name the proper party on his EEOC charge or in the Second Amended Complaint.

whatsoever for the 'pattern of discrimination and misconduct' that caused him extreme emotional distress" in his First Amended Complaint. [Doc. 8 at 5]. However, Plaintiff continues to allege a "pattern of discrimination and misconduct" in his Second Amended Complaint without offering any facts to support such a statement, in direct contravention to the Magistrate Judge's clear instructions. [Doc. 8 at 5]. Plaintiff's IIED claim therefore rests solely on bare recitations of the elements of the claim and empty conclusions. Thus, Plaintiff's IIED claim is also **DISMISSED**.

## CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss [Doc. 17] is **GRANTED**. Accordingly, Plaintiff's Second Amended Complaint [Doc. 8] is **DISMISSED**. Defendant's Motion to Strike Plaintiff's Surreply [Doc. 22] is **DENIED as moot**.

**SO ORDERED**, this 17th day of April, 2018.

<u>**S/ Tilman E. Self, III**</u>
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT